**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6117

EDWARD LEE BROOKS,

Petitioner - Appellant,

versus

RAYMOND SMITH,

Respondent - Appellee.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   Wallace W. Dixon, Magistrate Judge.  (CA-02-604-1)

Submitted:  May 13, 2005                Decided:  May 23, 2005

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Edward Lee Brooks, Appellant Pro Se.  Clarence Joe DelForge, III, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Edward Lee Brooks, a state prisoner, seeks to appeal the magistrate judge's order denying his motion under Fed. R. Civ. P. 60(b)(6) for relief from the magistrate judge's previous denial of Brooks's petition filed under 28 U.S.C. § 2254 (2000).[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude that Brooks has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Brooks's notice of appeal and informal brief on appeal as an application to file a second or successive petition under 28 U.S.C. § 2254 (2000). See United

---

[*]This case was decided by the magistrate judge upon consent of the parties under 28 U.S.C. § 636(c)(1) (2000).

- 2 -

States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the applicant guilty. 28 U.S.C. § 2244(b)(3)(C) (2000). Brooks's claims do not satisfy either of these conditions. Therefore, we decline to authorize a successive § 2254 petition.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED